### UNITED STATES v. RUMRICH.

No. 32, Docket 21397.

United States Court of Appeals,
Second Circuit.

Argued Jan. 31, 1950.

Decided Feb. 2, 1950.

Clarence R. Peterson, New York City, for appellant.

Irving H. Saypoee, U. S. Atty., New York City, Bruno Schachner, New York City, for appellee.

576

Before L. HAND, SWAN and CHASE, Circuit Judges.

PER CURIAM. .

The defendant appeals from an order denying a motion, filed May 13, 1949, to amend further an amended sentence imposed upon him on April 11, 1949, upon a plea of guilty to an indictment for using the mails to defraud. The defendant was indicted in the Western District of Washington, Northern Division; and on November 24, 1948, he was arrested in the Southern District of New York upon a warrant and complaint issued upon that indictment. On January 3, 1949, he signed, in accordance with Rule 20 of the Criminal Rules, 18 U.S.C.A., a written statement that he wished to plead guilty, to waive trial in the Western District of Washington and to consent to the disposition of the case in the Southern District of New York. This was not returned with the signature of the district attorney of the Western District until January 17, 1949, and on February 21, 1949, he pleaded guilty and was sentenced to a term of two years on Count One. That sentence was reduced to eighteen months on April 11, 1949, and the amended sentence is that to which his motion of May 13, 1949, was directed. His position is that he should have credit upon his sentence for the period between November 28, 1948, and February 21, 1949.

A person arrested upon a criminal charge, who cannot give bail, has no recourse but to move for trial. If upon the return of such a motion the court should deny him the speedy trial to which the Constitution entitles him, it may be that he should be released on habeas corpus—we need not say. The defendant did not ask removal to Washington; on the contrary, so far as appears, he did nothing before January 3, 1949, when he signed the statement under Rule 20. There is no evidence that the statement could have been returned before January 17th; nor does it appear that between then and February 21st he asked to enter his plea and be sentenced. The only evidence on the subject is an affidavit of the assistant district attorney in charge of the case on May 13, 1949, that "the delay in disposition of the defendant's case came about as a result of his attorney, Michael P. Direnzo's making repeated requests for adjournments on the ground that the defendant had information which he was willing to give to the Government in connection with another matter which was pending in the United States attorney's office."

On no possible theory would he be entitled to a reduction of his sentence, even assuming that the district court had power to reduce it.

Order affirmed.